UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS K. UCCI, Individually, and as M.U. :
Parent and Legal Guardian of MA. U., M.U., :
And J.U., all Minors, :
       Plaintiff :
        :
V. : C.A. No. 16-
        :
CRANSTON PUBLIC SCHOOLS, alias, :
CRANSTON PUBLIC SCHOOL COMMITTEE,:
        : **Jury Trial Demanded**
       Defendant :

VERIFIED COMPLAINT

## I.    Introductory Statement

1    This action is brought by the Plaintiff seeking declaratory and injunctive relief and compensatory damages as well as attorneys' fees, litigation expenses and other equitable relief, arising out of unlawful retaliatory conduct for acts and/or omissions of Defendant in by denying Plaintiff to school grounds without explanation thereby denying Plaintiff his liberty interest in violation of Plaintiff's right to due process of law under Article 1, §2 of the Rhode Island Constitution, actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989) and the Fourteen Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983 and Rhode Island law; as well as his legally protected free speech rights guaranteed to him under the First Amendment to the United States Constitution, also actionable pursuant to 42 U.S.C. §1983. Additionally, Defendant's acts and/or omissions were also discriminatory and in violation of Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*. ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), and the Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Law § 42-87-1 *et seq*. Lastly, Defendant's action in denying Plaintiff due process will not allow him to advocate for his children thereby denying these children of their property interest in education that is protected by

Fourteen Amendment to the United States Constitution and actionable pursuant to 42 U.S.C. §1983.

## II. Parties

2   Plaintiff Thomas K. Ucci, is one of two parents and legal guardians of minor children Ma. U., M.U., and J.U., who is presently residing, and has at all times relevant resided, in North Kingstown, Rhode Island.

3   Defendant Cranston Public Schools, alias, Cranston Public School Committee is a legal entity lawfully established by the City of Cranston, Rhode Island, having its principal offices located within that City.

## III. Jurisdiction

4   This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 1367, 2201 and 2202.

## IV. Venue

5   Venue is proper in this Court since, on information and belief, Defendants reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391. Venue is also proper because a substantial part of the events or omissions giving rise to the claims occurred in the District of Rhode Island.

## V. Material Facts

### A. Chronology and Background

6   Plaintiff shares joint legal custody of his children with his former wife.

7   She lives in Cranston and he lives in North Kingstown.

8   Their children, whose names are Ma. U., M. U., and J.U. attend Cranston Public Schools.

9   Plaintiff's joint custody responsibilities require that he transport his children from school from time-to- time.

10    Ma. U. is a child with an educational disability who as an Individual Education Plan ("IEP").

11    He has a physical or mental impairment that substantially limits one (1) or more major life activities.

12    He attends Glen Hills Elementary School and Plaintiff's other two children attend Oak Lawn Elementary School; they all have a constitutionally protected property interest in receiving an education from Cranston.

13    J.U. could have a physical or mental impairment that substantially limits one or more major life activities and is currently being evaluated for special education eligibility.

14    Plaintiff's parental responsibilities require that he meet with his children's teachers on school premises from time-to-time.

15    In fact, Plaintiff has attended a number of IEP meetings relative to Ma. U.'s education and he has had a number of disagreements with the Defendant about Ma. U.'s education, his disabilities, and in particular the construction of his IEP.

16    Plaintiff has a legally protected right in advocating for his child that has an educational disability.

17    Plaintiff has a legally protected constitutional right to free speech to let his children's teachers know what he thinks about how his children are being educated by Defendant.

18    Plaintiff clearly has an interest in having access to school grounds in order to advocate for his children.

19    He also has an interest in having access to school grounds in order to see that his children are safely transported to school.

20    Specifically, to ensure that his children safely go to school and also to ensure that the receive the free appropriate public education to that they are entitled to under the law.

21    Plaintiff also operates a small business, Renaissance Sheet Metal LLC, that occasionally performs work for the Defendant that requires access to various school properties.

22    Due to concerns the Plaintiff over the administration of Ma.U.'s IEP he filed a complaint with the with the U.S. Department of Education Office of Civil Rights ("US DOE OCR") on or about April 1, 2016. See, Exhibit 1.[1]

23    Plaintiff has a legally protected constitutional right to inform the US DOE OCR

24    On or about June 3, 2016 the US DOE OCR accepted the Plaintiff's complaint that the Defendant had retaliated against him. See, Exhibit 2.

25    Additionally, Plaintiff has made a number of unsuccessful attempts to get any and all documentation from the Defendant that involves his sons. A copy of this correspondence is appended hereto as Exhibit 3.

26    On September 26, 2016 Plaintiff attended an open house at Glen Hills Elementary School. See, Exhibit 4.

27    At the open house Plaintiff and many other parents went to Ma.U.'s home room where his regular and special education teachers were. *Id.*

28    The teachers made a brief presentation and then most of the parents left the classroom. *Id.*

29    After most of the parents left Ma.U.'s regular classroom education teacher came to Ma.U.'s desk while Plaintiff was still at his desk and they had a brief conversation. *Id.*

30    Kerr-Lynn Greene, a personal friend of the Plaintiff was also present; other parents were in the classroom but not near the desk. *Id.*

31    Plaintiff asked the classroom teacher two (2) questions, one about the status of Ma.U.'s laptop, and another about the status of his headphones. *Id.*

---

[1] Since this is a matter that involves a minor all of the exhibits will be hand delivered to the Court and to the Defendant.

32    Plaintiff, Ma. U.'s regular classroom teacher and Ms. Greene shortly thereafter left the classroom together and outside the classroom where he asked her one last question in front of Ms. Greene relative to Ma.U.'s assistive technology; and, she said that is a question that the principal would know. *Id.*

33    Thereafter Plaintiff and Ms. Greene existed the building without speaking to anyone from the Cranston Public Schools ("CPS"). *Id.*

34    Plaintiff never spoke to Ma.U.'s special education teacher. *Id.*

35    On September 28, 2016 Plaintiff had a lengthy meeting with the principal and a social worker at the Oak Lawn Elementary School to discuss an assessment for J.U. and Ma.U.'s IEP re-evaluation. *Id.*

36    This conversation was cordial and Plaintiff's behavior was not in any way "threatening". *Id.*

37    Plaintiff did not have *any* conversations or interactions with any of my children's "teachers" at this school on September 28, 2016. *Id.*

38    On October 3, 2016 Plaintiff received a letter from the Defendant's superintendent stating that "it has been brought to [her] attention that at the Open House at Glen Hills Elementary School held on Monday, September 26, 2016 and at Oak Lawn Elementary School on Wednesday, September 28, 2016 you harassed and intimidated teachers at the school. It was reported to [her] that the teachers describe [my] behavior to be threatening." See, Exhibit 5.

39    On October 4, 2016 Plaintiff received a phone call from the Cranston Police Department. The officer on the phone informed him, without explanation, that Plaintiff would be arrested if Plaintiff "step foot" on school property. See, Exhibit 4.

40    Neither Defendant's letter nor the Cranston Police Department provided Plaintiff with any facts relative to why he is not allowed on school grounds. *Id.*

41    Neither the Defendant nor the Cranston Police Department requested that Plaintiff provide his version of the facts of relative to his interactions with his children's teachers on these two dates, nor did they allow him to provide any explanation. *Id.*

42    During the entire time Plaintiff's children have attended CPS schools he has not intimidated or threatened any school staff at any school function that any reasonable person would consider threatening.

43    The facts are to the contrary; Plaintiff has always had a good working relationship with all teachers and administrators from both Glen Hills and Oak Lawn Elementary Schools; and, he has never made any threatening comments, nor ever would, to anyone from CPS. *Id.*

44    To the contrary, at the last IEP meeting, which occurred on September 23, 2016, all of the CPS IEP team members said that they "have no problem working with" Plaintiff.

45    In fact, two (2) of the CPS IEP team members said that they applauded the fact that he advocates for my children.

46    Nevertheless, on October 5, 2016 Plaintiff's counsel sent Defendant's counsel a letter requesting that the Defendant either provide an explanation for their actions or rescind their unjustified demand forthwith. See, Exhibit 6.

47    Since Plaintiff did not receive a response, on October 12, 2016 Plaintiff's counsel sent Defendant's counsel an email informing her that the Defendant's September 30th letter is essentially banning Plaintiff from Cranston school grounds without explanation; that it is placing unreasonable restrictions on Plaintiff and requested that Plaintiff either receive an explanation or rescind its ban. See, Exhibit 7.

48    That same day, Defendant's counsel responded with limited explanation that did not refer to even one fact and it did not rescind the contents of Defendant's September 30th letter.

49    To this day, neither the Defendant nor the Cranston Police Department have provide Plaintiff with any explanation as to why they are treating him so differently than every other parent who has children in Cranston Public Schools.

50    To this day, neither the Defendant nor the Cranston Police Department has documented any probable cause.

51    Defendant has not treated any other parent that Plaintiff knows of like it has treated Plaintiff.

52    Plaintiff has no other remedy available to him under Rhode Island law to redress his deprivation resulting from Defendant's arbitrary action.

### B.    Applicable Law

53    Denying the right of a person to remain in a public place is a deprivation of the person's liberty interest without due process of law is a violation of the Fourteen Amendment to the United States Constitution actionable pursuant to 42 U.S.C. §1983.

54    Retaliating against a person for engaging in legally protected free speech rights guaranteed to him under the First Amendment to the United States Constitution is actionable pursuant to 42 U.S.C. §1983.

55    Retaliating against a parent for advocating for his children[2] with disabilities is a violation of the ADA, 42 U.S.C. §12101, *et seq*.

56    Retaliating against a parent for advocating for his children with disabilities is a violation of the Section 504, 29 U.S.C. § 794.

### C.    Likelihood of Success on the Merits

57    Plaintiff is clearly in a protected class.

58    Plaintiff clearly engaged in protected activities.

---

[2] The "custody of a minor child is a legally protected interest both at common law and by statute in" Rhode Island. Bedard v. Notre Dame Hospital, 89 R.I. 195, 198, 151 a.2D 690, 692(1959).

59    Defendant is clearly denying Plaintiff access to all Cranston school properties. See, Exhibit 5.

60    Plaintiff made a good faith request to provide a basis for denying Plaintiff access to school grounds. See, Exhibit 6.

61    To date, Defendant has not responded.

62    Defendant's discriminatory retaliatory conduct is not only a deprivation of due process, but also a denial of his free speech rights.

63    Accordingly, Plaintiff has demonstrated a reasonable, if not probable, likelihood of success on the merits.

### D.    Irreparable Harm and Damages

64    The Defendant's failure/refusal to comply with the law will result in irreparable harm to Plaintiff.

65    In particular, not allowing Plaintiff access to school grounds when he is responsible for transporting them to and from the premises could result in substantial personal injury to these minor children attending elementary school.

66    To not allow Plaintiff access to school grounds will not allow him to participate in his children's educational planning thereby possibly denying the kids a free appropriate public education.

67    To not allow Plaintiff access to school grounds will irreparably harm Plaintiff's potential business opportunities with Defendant.

### VI.    Claims for Relief

68    Plaintiff incorporates in the counts below the allegations contained in ¶¶1 through 67 above.

### COUNT ONE
*Violation of 42 U.S.C. § 1983*

69  Defendant, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those alleged herein, have deprived Plaintiff of his liberty interest without due process of law, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

## COUNT TWO
### *Violation of the Right to Procedural Due Process under Article 1, §2 of the Rhode Island Constitution*

70  Defendant, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have deprived Plaintiff of his liberty interest without due process, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under Article 1, §2 of the Rhode Island Constitution.

## COUNT THREE
### *Violation of 42 U.S.C. § 1983*

71  Defendant, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those alleged herein, have deprived Plaintiff of his right to free speech allowed by the First Amendment causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

## COUNT FIVE
### *Violation of Americans with Disabilities Act*
### *42 U.S.C. §12101, et seq.*

72  Defendant, by its acts or omissions, including, but not limited to, those described herein, violated Plaintiff's statutory rights in violation of the ADA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADA.

## COUNT SIX
### *Violation of Section 504 of the Rehabilitation Act*

*29 U.S.C. §794, et seq.*

73	Defendant, by its acts or omissions, including, but not limited to, those described herein, violated Plaintiff's statutory rights in violation of the Section 504 of the Rehabilitation Act, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Section 504 of the Rehabilitation Act.

## COUNT SEVEN
*Violation of The Civil Rights of People with Disabilities Act*
*R.I. Gen. Law § 42-87-1 et seq.*

74	Defendant, by its acts or omissions, including, but not limited to, those described herein, violated Plaintiff's statutory rights in violation of the Rhode Island Civil Rights of People with Disabilities Act, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights of People with Disabilities Act.

## COUNT EIGHT
*Violation of 42 U.S.C. § 1983*

75	Defendant, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those alleged herein, have deprived Plaintiff of his children's liberty interest in receiving an education without due process of law, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### VII.	Prayers for Relief

**WHEREFORE**, Plaintiff prays that this Court grant the following relief:

1.	A temporary restraining order directing the Defendant to rescind the restrictions to Plaintiff in its September 30, 2016 letter to Plaintiff;

2. Preliminary and permanent injunctions restraining directing the Defendant to rescind the restrictions to Plaintiff in its September 30, 2016 letter to Plaintiff and to direct the Cranston Police Department not to arrest Plaintiff he comes back on school premises;

3. An award of compensatory damages;

4. An award of any other damages or relief available under applicable law;

5. An award of reasonable attorney's fees and costs of litigation to Plaintiff as the prevailing party pursuant to 42 U.S.C. § 1983 *et seq.*, 42 U.S.C. §12101, *et seq.*, and/or 29 U.S.C. §794, *et seq.*, and Article 1 § II of the State of Rhode Island Constitution.

6. and/or other applicable law;

7. Such other and further relief as this Court deems just and proper.

### VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

### IX. Designation of Trial Counsel

Plaintiff hereby designates Gregory A. Mancini, as trial counsel.

Plaintiff, **Thomas M. Ucci**
By his attorneys,
**SINAPI LAW ASSOCIATES, LTD.**

Date: **October 14, 2016**

/s/Gregory A. Mancini
**Gregory A. Mancini (RI BAR 5740)**
2374 Post Road, Suite 201
Warwick, RI 02886
Phone: (401) 739-9690; FAX: (401) 739-9040
Email: gmancinilaw@gmail.com

## VERIFICATION OF COMPLAINT

Now comes the Plaintiff, **Thomas K. Ucci** being duly sworn, and does hereby depose and say as follows:

1. That I am a Plaintiff in the within matter.

2. That I have read the above Complaint and acknowledge the factual allegations alleged therein to be true and accurate to the best of my knowledge, information, and belief.

3. That I have made this **Verification of Complaint** in support of my prayers therein for judgment and relief against the Defendants.

*Thomas K. Ucci*
**Thomas K. Ucci**

Subscribed and sworn to before me in Warwick on this 12 day of **October, 2016**.

(name) Lori A. Beagan
**NOTARY PUBLIC**
My Commission Expires: 1/19/18

LORI A. BEAGAN
Notary Public State of Rhode Island
My Commission Expires
January 19, 2018

Page 12 of 12